UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMINA BOOKEY MUDEY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 09-1669 (SRC) (MAS)<br><br>**OPINION & ORDER** |

**CHESLER**, U.S.D.J.

　　This matter has come before the Court on the motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), by Defendant United States of America (the "Government"). For the reasons stated below, the motion will be granted in part and denied in part.

　　As Plaintiff observes, one problem with the Government's Rule 12(c) motion is that, in very large measure, it argues based on matters outside the Amended Complaint. This Court cannot consider materials extrinsic to the pleadings on a Rule 12(c) motion; were it to do so, it must convert the motion to a summary judgment motion. This Court declines to do so, inasmuch as one claim may presently be decided based on the pleadings only.

　　Count Seven of the Amended Complaint asserts a claim for intentional infliction of emotional distress against the Government under the Federal Tort Claims Act. The Government moves for judgment on the pleadings on the ground that the Amended Complaint fails to plead sufficient facts to make plausible a claim that the alleged emotional distress was inflicted by any defendant acting with the requisite intent.

　　To prevail on a claim for intentional infliction of emotional distress, a plaintiff must

show, *inter alia*, the following:

> For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress. Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow.

Buckley v. Trenton Sav. Fund Soc., 111 N.J. 355, 366 (1988) (citation omitted). The Government argues that, based on this standard, the Amended Complaint fails to plead sufficient facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

Plaintiff's opposition fails to recognize that the Government's motion attacks the sufficiency of the pleadings, and argues that she has offered evidence which raises a triable issue of fact – which is, of course, irrelevant when deciding a Rule 12(c) motion. This Court finds that the Government's argument is valid: the Amended Complaint does not plead sufficient facts to make plausible the inference that any defendant acted with the requisite intent. The Seventh Count pleads almost no facts whatever as to the intentional infliction of emotional distress. The Amended Complaint offers only vague and conclusory assertions about the intentional infliction of emotional distress. The Complaint does not allege who did what to cause Plaintiff emotional distress, nor any circumstances from which the requisite intent might be inferred. Based on these pleadings, there is not even a basis for speculation that a defendant acted with the requisite mental state.

Count Seven fails to plead sufficient facts to raise the right to relief for intentional infliction of emotional distress above the speculative level. As to Count Seven, the motion for judgment on the pleadings will be granted, and Count Seven will be dismissed.

Furthermore, Plaintiff's opposition brief offers nothing to persuade this Court that this

defect may be remedied by repleading.  The most that Plaintiff alleges in the opposition brief is that the "medical staff completely ignored Ms. Mudey's repeated requests for medical attention while unnecessarily leaving her in severe . . . pain." (Pl.'s Opp. Br. 44-45.)  These allegations have already been made in the Amended Complaint, and are not sufficient to make plausible a claim that a defendant acted in deliberate disregard of a high probability that emotional distress would follow.  This Court finds that amendment is futile and Count Seven will be dismissed with prejudice.

Defendant's remaining arguments all invoke evidence and pertain to matters outside the pleadings.  As to all claims other than Count Seven, the motion for judgment on the pleadings will be denied.

For these reasons,

**IT IS** on this 10th day of May, 2011

**ORDERED** that the Government's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), (Docket Entry No. 62) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Count Seven in the Amended Complaint, the motion for judgment on the pleadings is **GRANTED**, and Count Seven of the Amended Complaint is hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the remaining claims in the Amended Complaint,  the motion for judgment on the pleadings is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.