UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMINA BOOKEY MUDEY, | |
| Plaintiff, | Civil Action No. 09-1669 (SRC) (MAS) |
| v. | **AMENDED ORDER** |
| UNITED STATES OF AMERICA et al., | |
| Defendants. | |

**CHESLER**, U.S.D.J.

The Order entered on June 29, 2011 is hereby amended as follows:

This matter comes before the Court upon the motion for reconsideration of this Court's Opinion and Order entered May 18, 2011, granting in part and denying in part Defendant's motion for summary judgment. The motion for reconsideration was filed by Defendant Irving Harold Smelson, M.D. ("Smelson").

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

Smelson argues that reconsideration should be granted because this Court overlooked certain arguments Defendant made in his reply brief. At the outset, it must be noted that this does not generally provide a basis for reconsideration under the Third Circuit standard quoted above. Smelson's reconsideration brief actually directs the Court to his original reply brief, and

proceeds to merely repeat those arguments, while noting that he is repeating himself.  This provides no basis for reconsideration.  See Khan v. Gonzales, 495 F.3d 31, 37 (2d Cir. 2007) (holding that it is not error to deny reconsideration where the movant merely repeats arguments previously made.)

Furthermore, the Court observes that, to the extent that Smelson seeks to reargue arguments made for the first time in his reply brief, as a matter of procedure, this Court will not accept arguments offered for the first time in a reply brief, as they were not properly asserted in the opening brief and the opposing party has not had the opportunity to respond to them.  Anspach v. City of Philadelphia, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it").

Lastly, in both his original briefing and on reconsideration, Smelson simply fails to acknowledge that Plaintiff has submitted evidence which, if credited, unequivocally demonstrates that no information was translated for her in regard to the treatment Smelson proposed to give her.  The Court cannot understand how a patient can give informed consent to a medical procedure in the absence of receiving any communication in a language she speaks.

For these reasons,

**IT IS** on this 29th day of June, 2011

**ORDERED** that Smelson's motion for reconsideration (Docket Entry No. 88) of this Court's Opinion and Order of May 18, 2011 is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.